IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROMAINE WRIGHT,

        Petitioner,                           3:26cv0877
                                             ELECTRONICALLY FILED

    v.

KRISTI NOEM, ET AL.,

        Respondent(s).

## MEMORANDUM ORDER DISMISSING AS MOOT PETITIONER ROMAINE WRIGHT'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (Doc. 4)

On May 20, 2026, Petitioner  Romaine Wright ("Petitioner") filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging his immigration detention at the Moshannon Valley Processing Center, asserting that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), and requesting that he be released from detention unless he is given a bond hearing within seven (7) days.  (Doc. 4).

### I.      DISCUSSION

In his habeas petition, Petitioner alleges that: (1) he has been illegally detained by Immigration and Customs Enforcement ("ICE") since February 4, 2026; (2) on April 7, 2026, he was ordered removed from the United States by an immigration judge; and (3) he has appealed the removal order and his appeal remains pending.  (*Id*.).

On May 22, 2026, Respondents filed a Response to Petitioner's habeas petition. (Doc. 7).  In their Response, Respondents contend that: (1) Petitioner received a bond hearing before an Immigration Judge ("IJ") on February 19, 2026, even though Petitioner was not

entitled to one because his detention is pursuant to 8 U.S.C. § 1225(b)(2); and (2) this Court

lacks jurisdiction to review the IJ's decision.  (*Id.* at 2-5).

In support of their contention that Petitioner had a detention hearing before an IJ after he

was detained on February 4, 2026, Respondents have attached to their opposition brief: (1) a

Notice to Appear ("NTA") ordering Petitioner to appear before an IJ on February 17, 2026; and

(2) an Order of the IJ dated February 19, 2026, which stated: "The respondent requested a

custody redetermination pursuant to 8 C.F.R. § 1236.  After full consideration of the evidence

presented, the respondent's request for a change in custody status is hereby ordered: Denied,

because flight risk."  (Doc. 7-1, Doc. 7-3).

Based on Respondents' representation that Petitioner is a citizen and native of Jamaica

who was detained by U.S. Immigration and Customs Enforcement (ICE) officers on February 4,

2026, in Upper Darby, Pennsylvania, after entering the United States at the southern border at

some unknown time, for the reasons set forth by this Court in *Rivera Juarez v. Oddo et al.*,

3:26-cv-718 (W.D. Pa) (Doc. 10), the Court finds that Petitioner's detention is governed by 8

U.S.C. § 1226(a), which entitles Petitioner to a bond hearing.

The Court further finds, based on the NTA and Order of the IJ detailed above, that

Petitioner was provided with the bond hearing before an IJ to which he is entitled under 8 U.S.C.

§ 1226(a) on February 17, 2026.  (Doc. 7-1, Doc. 7-3).  Accordingly, because Petitioner has been

granted the relief sought in his habeas petition, Petitioner's habeas petition shall be dismissed as

moot.

## II.      CONCLUSION

For the reason stated above, Petitioner Romaine Wright's *pro se* Petition for a Writ of

Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 4) is DISMISSED as MOOT.

The Clerk of Court shall mark this case CLOSED.

SO ORDERED this 27th day of May, 2026.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  ECF Counsel of Record

ROMAINE WRIGHT
A 222 558 708
MOSHANNON VALLEY PROCESSING CENTER
LEGAL MAIL - Open in Presence of Detainee
555 GEO DRIVE
PHILIPSBURG, PA 16866